United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mauricio Martinez and others, on behalf of themselves and all others similarly situated, Plaintiffs,<br><br>v.<br><br>D2C, LLC<br>doing business as<br>Univision NOW, Defendant. | Civil Action No. 23-21394-Civ-Scola |

### Order Granting Leave to Amend

Plaintiff Mauricio Martinez complains that Defendant D2C, LLC, doing business as, Univision NOW ("Univision"), violated the Video Privacy Protection Act ("VPPA") by disclosing to Meta Platforms, Inc.—formerly known as Facebook ("Meta" or "Facebook")—videos that he had requested or obtained as a Univision digital subscriber. (Compl., ECF No. 1.) Univision moved to dismiss Martinez's complaint, based on a lack of subject-matter jurisdiction, arguing (1) he failed to sufficiently allege an injury in fact; and (2) apart from his allegations, the evidence shows he did not suffer an injury in fact. (Def.'s Mot., ECF No. 14.) In the midst of the briefing of that motion (Pl.'s Resp., ECF No. 23; Def.'s Reply, ECF No. 28), Martinez filed a motion for leave to amend, adding two other Univision subscribers—Guadalupe Rodriguez and Francisco Giron—as plaintiffs (all three, collectively, the "Plaintiffs") and addressing some of the issues raised in Univision's motion to dismiss (Pl.' Mot., ECF No. 22.). That motion is now fully briefed and ripe for review (Def.'s Resp., ECF No. 24; Pl.' Reply, ECF No. 25). After careful review, the Court **grants** Martinez's motion for leave to amend (**ECF No. 22**). Because Martinez's proposed amended complaint will become the operative pleading, the Court **denies as moot** Univision's motion to dismiss (**ECF No. 14**).

### 1. Background[1]

All three Plaintiffs are or were paying subscribers to Univision's streaming video-on-demand service. (Pr. Am. Compl. ¶¶ 4–6, ECF No. 22-1.) Univision, an online, Spanish-language video-streaming service, offers both prerecorded and live-steam videos. (*Id.* ¶ 18.) Univision has embedded a "Meta Pixel" or "Pixel" on its website which sent certain personally identifiable information about its

---

[1] The Court accepts as true the facts as alleged in the proposed amened complaint for the limited purpose of evaluating Martinez's motion for leave to amend.

subscribers, including the Plaintiffs, to Facebook. (*Id.* ¶ 19.) In installing the Pixel, Univision elected certain "events" that track specific user activity on Univision's website for automatic disclosure to Meta. (*Id.* ¶ 23.) Included in this disclosure is certain personally identifiable information such as a user's Facebook ID which is a unique and persistent identifier that Facebook assigns to each Facebook user. (*Id.*) An ordinary person with access to this Facebook ID can easily locate, access, and view a user's corresponding Facebook profile, as well as the specific video content the user requested or obtained on Univision's website. (*Id.* ¶ 24.) Univision did not obtain consent from its digital subscribers to share the users' Facebook IDs or their video-content history. (*Id.* ¶¶ 32–34.)

Univision disclosed to Facebook all three Plaintiffs' Facebook IDs along with a record of the specific prerecorded videos they each requested or obtained. (*Id.* ¶¶ 37, 43, 49.) According to the Plaintiffs, these disclosures violated their rights under the VPPA, along with the rights of a class of Univision subscribers, for which they seek redress through the only count of their complaint, under 18 U.S.C. § 2710.

In response to Martinez's initial complaint, Univision filed a motion to dismiss, submitting that Martinez lacks standing and that, therefore, the Court lacks subject-matter over his case. While that motion was being briefed, Martinez filed a motion for leave to file an amended complaint. In opposing that motion, Univision argues that the amendment would be futile because (1) Martinez and Rodriguez do not allege and cannot establish an injury in fact that is traceable to Univision's conduct; and (2) the proposed pleading fails to state an actionable claim under the VPPA.

## 2. Legal Standard

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 639400, at *3 (S.D. Fla. Feb. 11, 2020) (Bloom, J.).

At issue here is whether the proposed amendment would be futile. When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would

necessarily fail. *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999). This determination is akin to a finding that the proposed amendment would not survive a motion to dismiss. *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.").

### 3. Analysis

Univision argues that the proposed amendment is futile because (1) Martinez and Rodriguez have not alleged and cannot allege that they have standing; and (2) the amended complaint fails to state a claim under the VPPA. In reply, Martinez submits Univision's opposition is flawed for a number of reasons. Among those reasons is that, because Univision concedes—or at least does not challenge—Giron's Article III standing, the amendment cannot be futile under Rule 12(b)(1) or Article III standing grounds: even if Martinez and Rodriguez lack standing, the case would nonetheless proceed as to Giron. Martinez argues that Univision's standing position fails substantively as well. Additionally, Martinez maintains that Univision's 12(b)(6) arguments are similarly meritless. He explains that, contrary to Univision's assertions, the proposed amendment sufficiently alleges that Univision disclosed specific video material or services; that Univision acted knowingly; and that Univision disclosed the Plaintiffs' personally identifiable information. After review, the Court finds Univision has not shown that the amended pleading would be futile.

### A. Article III Standing and Subject-Matter Jurisdiction

As an initial matter, the Court declines to delve too deeply into Univision's standing arguments because, even if they have merit, this case would still proceed as to Giron whose standing Univision does not challenge. Accordingly, the Court cannot say that Martinez and Rodriguez's purported lack of standing would render the amendment wholly futile. Furthermore, upon a preliminary assessment, the Court agrees with Martinez that the bulk of Univision's argument as to standing appears to rest largely on either disputed issues of fact or the underlying merits of the Plaintiffs' claims and allegations rather than on subject-matter jurisdiction. Accordingly, the Court finds this an improper vehicle through which to challenge the Plaintiffs' standing. *See Culverhouse v. Paulson & Co. Inc.*, 813 F.3d 991, 994 (11th Cir. 2016) ("In reviewing the standing question, the court must be careful not to decide the questions on the merits for or against

the plaintiff, and must therefore assume that on the merits the plaintiffs would be successful in their claims.") (cleaned up).

### B. Allegations Establishing a VPPA Claim

Next, Univision argues that the proposed amended complaint fails, in multiple respects, to state a VPPA claim: (1) it fails to allege that Univision knowingly disclosed the "specific video materials or services" with the requisite particularity it says is required under the VPPA; (2) it fails to plausibly allege a *knowing* disclosure of both the relevant subscriber identities and the video materials the subscribers watched or that Facebook would combine that information; and (3) it fails to allege sufficient facts to demonstrate how Univision's disclosure of personally identifiable information would readily permit an ordinary person to identify all three plaintiffs. (Def.'s Resp. at 8–13.) The Court is not persuaded.

As to Univision's first argument, the Court finds that the proposed amended complaint sufficiently alleges that Univision disclosed specific video material or services. The proposed pleading repeatedly alleges that Univision disclosed to Facebook the Plaintiffs' "identities side-by-side with the specific videos [they] requested or obtained." (Pr. Am. Compl. ¶ 2; ¶ 3 (Univision "disclosed to Facebook Plaintiffs' . . . Facebook ID[s], along with *specific video titles* . . . each Plaintiff requested or obtained") (emphasis added); ¶¶ 28–29, 37, 43, 49 (all similar).) Univision's insistence that a plaintiff must do more improperly conflates, on the one hand, requiring plaintiffs to allege the fact that specific titles were disclosed with, on the other, requiring that they identify the actual titles that they allege were disclosed. The Court finds no support for applying such a "granular a test, particularly at the pleading stage." *Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 853 (N.D. Cal. 2022). Indeed, the Court agrees with other courts that have had no difficulty concluding that alleging, generally, that a defendant disclosed the "name of the video the digital subscriber watched" is sufficient. *Harris v. Pub. Broad. Serv.*, 1:22-CV-2456-MLB, 2023 WL 2583118, at *6 (N.D. Ga. Mar. 20, 2023); *see also Sellers v. Bleacher Report, Inc.*, 23-CV-00368-SI, 2023 WL 4850180, at *3 (N.D. Cal. July 28, 2023) (similar); *Ambrose v. Boston Globe Media Partners LLC*, CV 21-10810-RGS, 2022 WL 4329373, at *2 (D. Mass. Sept. 19, 2022) (finding sufficient a plaintiff's allegations that the provider defendant disclosed "information about what videos he has watched on the [provider's] website").

Univision's second argument, that the Plaintiffs fail to allege that Univision acted *knowingly*, is similarly without merit. Certainly it is true that "[t]he VPPA prohibits only a 'knowing' disclosure." *Harris*, 2023 WL 2583118 at *6 (citing 18 U.S.C. § 2710 (b)(1)). But this does not mean, as Univision contends, that the

Plaintiffs must allege that Univision knew that (1) "users with Facebook accounts would allow Facebook to incorporate cookies into their browsers"; (2) "Facebook would pair the 'c_user' cookie information with the URL information"; and (3) "Facebook would navigate to the allegedly disclosed URL, find a video, and infer that a particular user watched the specific video material." (Def.'s Resp. at 11.) The Court finds no authority requiring such details to be alleged. Instead, the Court is satisfied that the Plaintiffs' allegations are enough: they set forth that Univision intentionally "embedded Meta Pixel on its website to disclose its subscribers' identities and video viewing histories to Meta" (Pr. Am. Compl. ¶ 26) and purposedly "programmed the Facebook Pixel into its website code, knowing that Facebook would receive specific video titles and the subscribers' [associated identities] when they requested or obtained videos" (*id.* ¶ 77). *See also id.* ¶ 17 (describing Univision has having "chose[n]" to "systematically disclos[e]" the Plaintiffs' identities alongside the names of videos that they had requested or obtained); ¶ 19 (describing Univision as having "knowingly disclosed Plaintiffs' and Class members' Personal Viewing Information to Facebook"). These allegations adequately plead Univision's knowing disclosure. *See Harris*, 2023 WL 2583118 at *7 ("If Defendant installed the Facebook pixel knowing it transmits that information, the knowledge element of the VPPA is satisfied.").

  Third, the Court finds unavailing Univision's contention that the proposed amended complaint fails because it does not allege sufficient facts to demonstrate how Univision's disclosure of information "would readily permit an ordinary person to identify all three plaintiffs." (Def.'s Resp. at 11.) The VPPA provides that "the term 'personally identifiable information' includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). Assuming the "ordinary person" standard applies, as Univision submits, the Court finds the proposed amended complaint's allegations sufficient: "The [Facebook ID] is a unique identifier that is enough, on its own, to identify a person." *Sellers*, 2023 WL 4850180 at *4; *see also Czarnionka v. Epoch Times Ass'n, Inc.*, 22 CIV. 6348 (AKH), 2022 WL 17069810, at *3 (S.D.N.Y. Nov. 17, 2022), *motion to certify appeal denied,* 22 CIV.6348 (AKH), 2022 WL 17718689 (S.D.N.Y. Dec. 15, 2022) ("The [Facebook ID] itself represents a particular individual.").

  Finally, the Court finds two other arguments that Univision raises, albeit only in passing, improperly presented. First, Univision complains that although Martinez "acknowledges that his PII is only transmitted if the user is logged into Facebook," he "does not allege—as he must—that he was logged into Facebook while he watched videos on Univision NOW's website." (Def.'s Resp. at 12.) Univision provides no argument, record citation, or legal authority otherwise

supporting this proposition. Without more, the Court declines to even evaluate the point. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (cleaned up). Second, Univision also claims that "[u]nder certain circumstances," a provider may disclose personally identifying information "if the disclosure is for the exclusive use of marketing goods and services." (Def.'s Resp. at 12.) In urging this exception, Univision says that its alleged disclosure of information through the Pixel "was intended for marketing of goods and services." But that proffered fact appear nowhere in the proposed amended complaint and therefore has no bearing on the Court's determination of whether the Plaintiffs have stated a claim under the VPPA. If Univision seeks to press the point, it is welcome to do so in answering the complaint.

### 4. Conclusion

When leave to amend is sought before the deadline to do so has passed, "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Group, Inc. v. Pinnacle Advert. & Mktg. Group, LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Indeed, "[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper." *Acosta v. Smart Alabama, LLC*, 1:22-CV-1209-TWT, 2023 WL 2447597, at *2 (N.D. Ga. Mar. 10, 2023). Univision has failed to show that the proposed amended complaint is futile and so the Court **grants** Martinez's motion for leave to amend (**ECF No. 22**) and orders him to **immediately** file the amended complaint as a separate docket entry. Because the amended pleading will obviate Univision's motion to dismiss, the Court **denies** it **as moot** (**ECF No. 14**). Further, the Court orders Univision to respond to the amended complaint within **seven days** of its filing.

**Done and ordered** in Miami, Florida, on October 10, 2023.

_____
Robert N. Scola, Jr.
United States District Judge