United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mauricio Martinez and others, on behalf of themselves and all others similarly situated, Plaintiffs,<br><br>v.<br><br>D2C, LLC doing business as Univision NOW, Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 23-21394-Civ-Scola<br>)<br>)<br>)<br>)<br>) |

### Order Denying Expedited Motion to Extend Deadlines and Settings

Plaintiffs Mauricio Martinez, Guadalupe Rodriguez, and Francisco Giron, in this putative class-action case, complain that Defendant D2C, LLC, doing business as, Univision NOW ("Univision"), violated the Video Privacy Protection Act ("VPPA") by disclosing to Meta Platforms, Inc.—formerly known as Facebook ("Meta" or "Facebook")—personally identifiable information along with information about videos that they had requested or obtained through Univision's website. (Am. Compl., ECF No. 35.) The Plaintiffs now ask, on an expedited basis, for a four-month extension of all the remaining deadlines and settings in this case. (Pls.' Mot., ECF No. 50.) For the most part, the Plaintiffs focus their argument on their alleged need for certain outstanding discovery prior to the April 2, 2024, deadline to file their motion for class certification. (*Id.* at 4, 6, 8.) Univision opposes the motion (Def.'s Resp., ECF No. 52) and the Plaintiffs have replied (Pls.' Reply, ECF No. 56). After careful consideration, the Court **denies** the Plaintiffs' motion (**ECF No. 50**), as more fully explained below.

1. **Background**

Martinez initiated this case in April 2023. (Compl., ECF No. 1.) The Court later granted Martinez leave to add the two other plaintiffs in this case and the amended complaint was filed October 2023. (Am. Compl., ECF No. 35.) The Plaintiffs allege that Univision has violated their rights under the VPPA by disclosing their individual video-watching histories to Meta, using an embedded "Pixel" tracking cookie on Univision's website. (*E.g., id.* ¶¶ 2, 19, 20, 26, 77.)

The Court entered its scheduling order on September 6, 2023. (Sch. Order, ECF No. 33.) At the parties' joint request, the Court set forth a schedule that deviates significantly from the Court's standard scheduling track, taking

into account the parties' joint notice that additional time would be needed (1) to brief class-certification issues, (2) to account for third-party discovery and the retention of one or more subject-matter experts, and (3) to incorporate a staggered expert-disclosure schedule. (Jt. Rep., ECF No. 29, 2.) As detailed in that order, the deadline for the Plaintiffs to seek class certification is April 2, 2024, fact discovery cutoff is May 14, the deadline for filing dispositive motions is July 23, and calendar call and trial are set, respectively, for October 29 and November 4, 2024. (Sch. Order at 1–2.)

The parties participated in their Rule 26(f) conference on August 15, 2023, and Martinez, prior to the addition of Rodriguez and Giron to this case, served various discovery requests on Univision a month later, on September 14. (Defs.' Resp. at 5 n. 1.) Since then, it appears discovery has proceeded, in fits and spurts, with the Plaintiffs' subpoenaing third-party Meta for information and a witness deposition on December 8, 2023, serving their initial Rule 30(b)(6) notice on Univision on December 11, 2023, and subpoenaing third-party Endeavor Streaming—an entity involved in installing the Pixel—for information and a witness deposition on January 5, 2024. (Pls.' Mot. at 3, 4, 6.) The day before filing this motion, the Plaintiffs filed a motion to compel compliance with their subpoena against Meta, in the Northern District of California. (Pl.'s Mot. to Compel, Ex. F., ECF No. 50-7.)

Except for the mediation deadline, the Plaintiffs now ask for an extension of four months as to all other deadlines and settings in this case. In large part, the Plaintiffs' proffered justification for the extensions boils down to its concern that certain discovery issues will not be resolved or completed prior to their April 2 class-certification-motion deadline: the deposition of Univision's former marketing employee, a ruling on their motion to compel against Meta, and the deposition of an Endeavor corporate representative.

**2. Legal Standard**

Federal Rule of Civil Procedure 16(b)(3)(A) requires district courts to issue a scheduling order in all cases that sets the deadline by which the parties must complete discovery. The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16's good cause standard requires a party seeking an amendment to a scheduling order to demonstrate that "the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1233 (11th Cir. 2008). Further, "although a district court may extend the discovery deadline, it is under no obligation to do so, and holding parties to the clear terms of a scheduling order generally does not amount to an abuse of discretion." *Rowell v. Metro. Life Ins. Co.*, 579 F. App'x 805, 807 (11th Cir.

2014) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011)).

### 3. Analysis

The Plaintiffs argue they have acted diligently at every turn but, despite these efforts, will not have the information they need—from Univision, Meta, or Endeavor—by the class-certification deadline on April 2, 2024. In support, they describe in detail the chronology of their requests for discovery, the responses to that discovery, and intervening discussions among counsel about those requests and responses. The Plaintiffs also describe some of their "meet-and-confer" discussions with Meta as "protracted" and reference "delays," generally, with respect to discovery production and scheduling depositions. Attached to the Plaintiffs' motion and reply are over 150 pages of exhibits, including discovery responses, long email exchanges among various counsel, and the Plaintiffs' motion to compel Meta to comply with their subpoena (all of which the Court was tasked with reviewing on expedited basis). In sum, the Plaintiffs maintain that, based on all this activity, "[t]here is no question that [they] have acted 'earnestly, steadily, energetically, and conscientiously' to obtain necessary discovery." (Pls.' Mot. at 7 (quoting *Gramazio v. Catalina Hotel, LLC*, No. 17-22682-Civ-Scola, 2017 U.S. Dist. LEXIS 212943, *1-2 (S.D. Fla. Dec. 28, 2017)(Scola, J.)).) In opposition, Univision presents two general arguments: (1) the Plaintiffs fail to comply, both substantively and procedurally, with Local Rule 7.6 regarding a continuance of the calendar call and trial; and (2) the Plaintiffs have not established the good cause required by Federal Rule of Civil Procedure 16(b)(4) that would justify a modification of the other deadlines in this case. After careful review, the Court agrees with Univision.

As a starting point, the key to a movant's request for either a continuance of the trial or a modification of the scheduling order deadlines is a showing of diligence. *Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990) (recognizing diligence as one of the factors to be considered in a motion for a continuance); *Oravec*, 527 F.3d at 1233 (noting that Rule 16's good cause standard requires a showing of diligence). Diligence means more than just being busy. Indeed, Rule 16's good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (cleaned up). While the Plaintiffs have established a steady back and forth among counsel of discovery requests, responses, amendments, objections, and so on, they fail to establish that these activities amounted to efforts that should have been enough for them to receive the information they needed by the time they needed it. In other words, they fail to show that doing more, and doing it

sooner, would have been unreasonable or that opposing counsel, or third-party counsel, somehow thwarted their earnest efforts.

Discovery has been open in this case since August 2023. And the Plaintiffs have been aware of the class-certification-motion deadline since September 6. Regardless, at this late date, they have yet to even depose Univision's corporate representative. While the Plaintiffs complain of general delay occasioned by lengthy conferrals with opposing counsel, they identify no wrongdoing or exceptional circumstances that prevented them from deposing Univision's representative months ago. And while the Plaintiffs *explain* why it has taken them so long to pursue discovery from Endeavor and Meta, that is not the same as establishing diligence. Again, they fail to show that, despite their diligence at moving discovery along in a timely manner, their efforts were thwarted by something beyond their control.

Furthermore, the modifications the Plaintiffs seek are extraordinary—four-month extensions of nearly every deadline as well as both the calendar call and the trial.[1] But the only deadline they directly express concern about is the April 2 class-certification-motion deadline, referencing the other deadlines and settings as just being impacted indirectly. Also without explanation is the Plaintiffs' belief "that 120 days is the shortest amount of time that is reasonable to anticipate it will take to resolve the outstanding discovery disputes." (Pls.' Mot. at 9.) And while the Plaintiffs briefly mention their "rapidly approaching discovery-cutoff and impending class-certification deadlines," in their motion to compel (ECF No. 50-7, 12), it does not appear they have sought expedited or emergency relief from the Northern District of California. Finally, missing from the Plaintiffs' position is any specific explanation of how the additional discovery they think they would receive, if given more time, would help to prove their case.

Ultimately, while the Plaintiffs explain why they *didn't* procure certain discovery sooner, they fail to provide any information showing that they *couldn't have* procured it sooner, had they only sought it with sufficient diligence. In other words, the Court agrees with Univision that "[a]ny delays in discovery are of Plaintiffs' own doing and are insufficient to demonstrate good cause to extend the deadlines." (Def.'s Resp. at 16.) Because the Court finds the Plaintiffs have failed to establish the necessary diligence under Rule 16 or

---

[1] In reply, the Plaintiffs complain that the Court's "Scheduling Order never actually set a date for trial (or calendar call)" and, therefore, Univision would not be prejudiced by a continuance. (Pls.' Reply at 8.) The Plaintiffs are mistaken, the Court's order set the trial in this case "during the two-week trial period beginning on **November 4, 2024**," and set calendar call for "the **preceding Tuesday, October 29, 2024**." (Sch. Order at 1 (emphasis in original).)

Local Rule 7.6 (along with failing to file the required affidavit), it **denies** their motion for a modification of the scheduling order. (**ECF No. 50**.)

    **Done and ordered**, in Miami, Florida, on March 25, 2024.

                                                                                                _____
                                                                                                Robert N. Scola, Jr.
                                                                                                United States District Judge