UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAURICIO MARTINEZ, GUADALUPE
RODRIGUEZ, and FRANCISCO GIRON, on
behalf of themselves and all others similarly situated,

    Plaintiffs,

v.                                                                          Case No. 1:23-cv-21394-RNS

D2C, LLC d/b/a UNIVISION NOW,

    Defendant.

_____/

**UNIVISION NOW'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' PROFFERED EXPERT, SERGE EGELMAN**

In its Motion to Exclude the Testimony of Plaintiffs' Proffered Expert, Serge Egelman (ECF No. 122) (the "Motion"), Defendant D2C, LLC d/b/a Univision NOW ("Univision NOW") demonstrated that Dr. Serge Egelman ("Egelman") intends to offer speculative conclusions on critical issues for which Plaintiffs lack evidence. For example, because Plaintiffs have no evidence of any disclosure of their personally identifiable information ("PII") to Meta, they intend to have Egelman speculate that such disclosures "would have" occurred from 2021-2023. Mot. at 4, 12 (quoting Egelman's Report). Similarly, because Plaintiffs have no evidence that Univision NOW had "actual knowledge" of any alleged disclosures of Plaintiffs' PII to Meta, Plaintiffs intend to have Egelman testify that Univision NOW did have such knowledge, i.e., Egelman intends to testify regarding Univision NOW's state of mind. Egelman Report at ¶ 9. Univision NOW's Motion made clear that courts routinely reject these types of improper opinions before they are used at trial, in order to prevent jury confusion and to avoid prejudice to the opposing party.

Plaintiffs' Opposition to the Motion (the "Opposition") (ECF No. 138) does little to address these problems. As to Egelman's improper opinions that Univision NOW's actions were "intentional," Plaintiffs do not even deny that Egelman intends to offer those opinions—nor could they, as he expressly said he intended to do so. Egelman Dep. Tr., ECF No. 106, Ex. B at 35:10-36:25 (cleaned up); *see also* Egelman Report at ¶ 9. Instead, Plaintiffs say that this is not an improper "legal conclusion" because the Video Privacy Protection Act ("VPPA") requires a

showing of "knowledge" rather than "intentionality." Opp'n at 7-8. This misses the point: Egelman is not permitted to offer any opinion on **knowledge** or **intent**. His state of mind opinions are plainly improper, regardless of how he frames them.

Plaintiffs' Opposition otherwise does little to mask the fact that the remainder of the opinions Univision NOW's Motion seeks to exclude are speculative efforts intended to plug holes in Plaintiffs' case. Plaintiffs have no evidence that their PII was disclosed from the Website, so Egelman lends his experience to say, without ever having reviewed the Website as it existed during the relevant time period, that PII "would have been" disclosed. Opp'n at 5. ███████████ ███████████████████████████████ ███████████ Mot. at 12-13; Opp'n at 13. ████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████ *See infra* at 6-8. Plaintiffs should not be permitted to use expert opinion to create evidence that does not exist. Egelman's opinions on these issues should be excluded.

## ARGUMENT

Univision NOW's Motion identified seven specific opinions that should be excluded. Mot. at 4-5. Plaintiffs, while protesting Univision NOW's "paraphrasing" of these opinions, Opp'n at 5-6, adopt the same terms. Each of these opinions are addressed below.[1]

**A.     The "Intent Opinion"**

Univision NOW's Motion demonstrated that Egelman's plan to opine on the "knowledge" element of Plaintiffs' VPPA claim by offering his opinion on what Univision NOW *intended* when the Meta Pixel was installed and configured on its Website. Mot. at 10 ("I think in my report it is pretty clear . . . that Univision intentionally put the pixel on its website.") (quoting Egelman's deposition)). Plaintiffs clearly intend to rely on this opinion at trial—they spent a considerable portion of their Opposition trying to defend it, *see* Opp'n at 1-2, 8-10—but it should be excluded under Eleventh Circuit precedent. An expert cannot offer opinions on a party's state of mind. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19md2885, 2021 WL 765019, at *42

---

[1] Capitalized terms not defined here have the same meaning provided in Univision NOW's Motion.

2

(N.D. Fla. Feb. 28, 2021) (experts "may not opine as to what Defendants 'knew,' what they intended, or what their motives were"); *Kaufman v. Pfizer Pharms., Inc.*, No. 1:02-CV-22692, 2011 WL 7659333, at *9 n.8 (S.D. Fla. Aug. 4, 2011) (excluding "state of mind" opinions); *Taylor v. Novartis Pharms. Corp.*, No. 06-61337-CIV, 2013 WL 5118945, at *3 (S.D. Fla. Apr. 22, 2013) (opinions on "intent, motive, or state of mind," or "evidence by which such state of mind may be inferred," should be excluded (quotations omitted)).

Plaintiffs' Opposition does not address any of the authority cited in the Motion, where courts repeatedly hold that state of mind opinions are inadmissible. Mot. at 8-10 (citing cases). Plaintiffs even ***admit*** that Egelman's opinions will inevitably "embrace an ultimate issue" in the case. Opp'n at 8 ("Egelman is doing nothing more than pointing to publicly available information that he observed and articulating an opinion on an ultimate issue."). But Plaintiffs nonetheless insist this is permissible because Egelman will not say whether he thinks Univision NOW allegedly "knowingly disclosed" PII, and instead will only opine that it "overtly" and "intentionally" used the Meta Pixel. *Id.* at 7. However, none of the cases cited by Plaintiffs have anything to do with the impermissible state of mind opinions Egelman intends to offer, regardless of whether he is opining on "knowledge" or "intent." *See In re Delta/Airtran Baggage Fee Antitrust Litig.*, 245 F. Supp. 3d 1343, 1358-59 (N.D. Ga. 2017) (allowing opinion on legal issue of collusion); *Diaz v. Centurion of Fla., LLC*, No. 1:19-CV-24067, 2022 WL 21781606, at *3 (S.D. Fla. Jan. 25, 2022) (allowing opinion on whether quality of care rose to level of deliberate indifference). Plaintiff does not cite a single case suggesting that an expert can testify about an organization's motive or knowledge—but their Opposition concedes that this is what he plans to do. *See* Opp'n at 7 (admitting that Egelman is opining "that Univision intentionally installed the Pixel on its Website, and what information was available to Univision at the time of installation"); *see In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004) (rejected "musings as to defendants' motivations," which "would not be admissible if given by any witness—lay or expert") (quotations omitted)).

Egelman has no legal or factual basis to offer an opinion on Univision NOW's intentions, "overt" behavior, or knowledge in this case.[2] *See Montgomery v. Aetna Cas. & Sur. C*o*.*, 898 F.2d

---

[2] Plaintiffs claim that Univision NOW "selectively quote[s]" from Egelman's deposition, but the Motion quoted from the exact same pages and lines that the Opposition cites. *Compare* Mot. at 9-10, *with* Opp'n at 8. And as Plaintiffs point out, Egelman testified that he would explain to the jury

1537, 1541 (11th Cir. 1990) (experts may "not testify to the legal implications of conduct"); *Kaufman*, 2011 WL 7659333, at *9 n.8 ("The Court will exclude all of Dr. Parisian's opinions about Defendants' motives and state of mind, regardless of where or how they appear in her expert report."). His Intent Opinion should be excluded.[3]

**B.      Egelman's "Disclosure Opinions"**

Because there is no evidence in the record of any disclosures of Plaintiffs' PII to Meta, the central thrust of Egelman's Disclosure Opinions is to speculate that there "would have been" a disclosure based on his knowledge of how pixels work.[4] Mot. at 4-5. But, as set forth below, each of these Disclosure Opinions are unreliable, speculative, and prejudicial.

**1.      The "General Disclosure Opinion"**

Plaintiffs' Opposition makes little effort to defend Egelman's "General Disclosure Opinion," in which he opined based solely on his experience with pixels (and without any review of the Website as it existed when subscribers allegedly visited it), that their information "would have been" disclosed. Mot. at 4-5, 12. The opinion is not referenced in the Opposition's argument after it is introduced. *See* Opp'n at 5. Although Plaintiffs recount Egelman's efforts to explain how the Meta Pixel worked on the Website, *id.* at 10-11, they ignore the fact that Egelman never tied this opinion to any actual disclosure relating to Plaintiffs. At most, Plaintiffs' arguments show that Egelman essentially abandoned this opinion from his Report when, after that Report was

---

that it "defies all logic" that Univision NOW would not have knowledge and intent regarding its purported use of the Meta Pixel. Opp'n at 8 n.6. But courts do not allow experts to extrapolate from their purported experience to tell juries what organizations are thinking.

[3] As Univision NOW's Motion made clear, Egelman should not be permitted to offer legal conclusions on whether the types of information supposedly disclosed via the Meta Pixel constitute PII, which is a legal definition under the VPPA. Although the Opposition insists that Egelman knows not to offer such a legal definition and merely intends to make a "factual observation" regarding the types of information a pixel can disclose, Egelman uses that term throughout his Report, *see* Mot. at 10 (citing Report), and should not be permitted to explain the term at trial.

[4] Plaintiffs' Opposition offers a belabored explanation of Egelman's qualifications in an attempt to justify his improper opinions. Opp'n at 1, 4-5, 12-14. And Univision NOW does not dispute that Egelman—notwithstanding that he is self-professed "pro-consumer" expert who once wrote on article on the "fun" he had repeatedly suing companies *pro se* for alleged consumer protection violations, Mot. at 13 n. 11—is qualified to provide an explanation of how the Meta Pixel works on websites. But Egelman's qualifications do not render him qualified to offer unsubstantiated speculation about what would have happened on a Website he never tested. Mot. at 12 n.9.

submitted, ███████████████████████████████████████████
███████████████

Regardless, there is no basis under Rule 702 for Egelman to be allowed to confuse the jury with "would have happened" scenarios completely untethered from the facts or data he reviewed—to be clear, Plaintiffs are not even mentioned in his General Disclosure Opinion.[5] Mot. at 5. Plaintiffs' failure to offer any argument in support of this opinion confirms that it should be excluded. *See McDowell v. Brown*, 392 F.3d 1283, 1300 (11th Cir. 2004) (an "expert opinion is inadmissible when the only connection between the conclusion and the existing data is the expert's own assertions"); *McSwain v. World Fuel Servs. Corp.*, 546 F. Supp. 3d 1144, 1149 (S.D. Fla. 2021) (a "district court must 'ensure that speculative, unreliable expert testimony does not reach the jury'") (quoting *McCorvey*, 298 F.3d at 1256)).

### 2. The "Class-Wide Disclosure Opinion"

The remainder of Egelman's Disclosure Opinions all relate to the Meta event data that he received and reviewed after his affirmative Rule 26 Report was disclosed, at which point he set forth a series of improper new rebuttal opinions that had nothing to do with the opinions offered by Univision NOW's expert. ███████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████ Opp'n at 4, 11.

First, in light of the Court's Order denying class certification (ECF No. 147), Egelman clearly is not entitled to discuss this data in the trial of the individual plaintiffs. ███████████████████████████████████████████████████████ ECF No. 112 at 3-4, 8. ███████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████ *Id.* Thus, Egelman's intent to tell the jury that this data relates to putative class members is entirely

---

[5] During his deposition, Egelman could not remember which of his opinions related to Plaintiffs specifically, or even who Plaintiffs were. Mot. at 7. Plaintiffs claim Egelman should not be faulted for not having a "photographic memory" (Opp'n at 5 n.3), but Egelman's testimony showed that he had no memory of Plaintiffs at all—he did not know their names, could not remember whether he read their depositions, and could not remember whether any of the documents he reviewed even mentioned them. Mot. at 7 n.6-7.

speculative and unfounded. *See Eberli v. Cirrus Design Corp.*, 615 F. Supp. 2d 1357, 1369 (S.D. Fla. 2009) (excluding opinion that was "the product of unreasoned speculation").

Second, the opinion Egelman intends to offer on this data is entirely misleading (insofar as he purports to say it relates to class members) and would confuse the jury. Plaintiffs' Opposition notably does not even suggest that this data has anything to do with Plaintiffs, nor could they— ███████████████████████████████████████████████████████ ECF No. 99, ¶¶ 30-32. For that reason, Univision NOW has separately moved *in limine* to exclude this evidence from trial because, as evidence that has nothing to do with Plaintiffs, it is inadmissible "other acts" evidence under Rule 404(b), has no probative value as to whether **Plainitffs'** PII was disclosed, and thus is unfairly prejudice under Rule 403. ECF No. 121 at 15-17.

Third, Plaintiffs' only argument in defense of the relevancy of Egelman's opinion is that it is "indisputably relevant, particularly to Class-wide damages." Opp'n at 12-13. But class certification has been denied (ECF No. 147), and Egelman never disclosed a damages opinion in his reports. And references to putative class damages should have no bearing in a trial on **Plaintiffs'** claims.

Simply stated, Plaintiffs' arguments in their Opposition show that they intend to improperly use Egelman to offer supposition and guesswork regarding purported disclosures of anonymized visitors because ████████████████████████████████████████████ *See In re Aluminum Phosphide Antitrust Litig.*, 893 F. Supp. 1497, 1506 (D. Kan. 1995) (expert opinions cannot be used to "plug evidentiary holes" in a plaintiff's case). Their efforts to suggest that Egelman may understand the fields or notations in this data (Opp'n at 12-13) are an attempt to sidestep the fact that the data is irrelevant as to their claims and prejudicial to Univision NOW's defense of those claims. Accordingly, Egelman's opinions relating to this data should be excluded. *See Garcia v. Scottsdale Ins. Co.*, No. 18-20509-Civ-Scola, 2019 WL 1318090, at *2 (S.D. Fla. Mar. 22, 2019) (excluding expert opinion under Rule 403) (quoting Fed. R. Evid. 403)).

3. **The "Meta Disclosure Opinion"**

In the Opposition, Plaintiffs do not try to defend Egelman's Meta Disclosure Opinion, nor could they. ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Mot. at 4-5, 12. There is nothing in the record to support that opinion, and ████████████████████████ *See*

6

*id.* ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Meta Dep., ECF No. 98-6, at 78:11-79:7; 126:8-16 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Because Egelman had no factual or experiential basis to offer this unreliable opinion, he should not be permitted to offer it to the jury, as it would be yet another effort to suggest to the jury that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *See Quiet Tech. DC–8, Inc. v. Hurel–Dubois UK Ltd.*, 326 F.3d 1333, 1342 (11th Cir. 2003) ("[O]ne may be considered an expert but still offer unreliable testimony.").

4. **The "Martinez Disclosure Opinion"**

As Univision NOW has demonstrated, there is no evidence that any of Plaintiffs' PII was improperly disclosed from the Website to Meta, and no evidence that Plaintiff Martinez ever watched a prerecorded video on the Website. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Mot. at 4 (quoting Egelman Rebuttal). However, as discussed in the Motion, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Mot. at 3. Because Martinez would be offering an unreliable opinion, contrary to the evidence, that would improperly influence the jury, it clearly should be excluded. *Hendrix ex rel. G.P. v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (an opinion also is not reliable when there is "too great an analytical leap between the [supporting] data and the opinion proffered" (citation omitted)); *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1343 (11th Cir. 2010) (excluding expert opinion where a "key foundation" is missing); *McDowell*, 392 F.3d at 1298-99 (an "expert opinion is inadmissible when the only connection between the conclusion and the existing data is the expert's own assertions").

Plaintiffs' Opposition argues that a "mere disagree[ment]" with Egelman's facts should be an issue for cross-examination, not exclusion—but Egelman's opinion ***is not based on facts***. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

■■■ In other words, rather than reliably applying his experience to the facts and data in the case, Egelman is simply lending his experience to Plaintiff Martinez to improperly try to salvage that claim (and implicitly acknowledging that Plaintiffs Giron and Rodriguez cannot prove their case).[6] *See McClain*, 401 F.3d at 1244 ("the ipse dixit of the expert" is insufficient basis for admitting expert testimony under *Daubert* (internal quotation marks and citations omitted)).

The Opposition also misleadingly attempts to re-write history by suggesting that this is some ambiguity about how Meta described the "Martinez Event Data." Opp'n at 16. But the record is undisputed: ■■■

■■■ ECF No. 98-6 at Def.'s Ex. 3 (emphasis added).[7] ■■■

■■■

ECF No. 98-6 at 119:23–120:4 (emphasis added). Thus, ■■■

■■■—Egelman is simply making up facts. And he is doing so to offer an improper and unreliable opinion that helps Plaintiffs prove certain facts that they otherwise cannot prove. The Court should not permit this backdoor effort for Plaintiffs to misstate

---

[6] Plaintiff claims that Univision NOW's Motion did not focus on other parts of Egelman's opinions where he described the Meta event data and recounted its production by Meta. Opp'n at 15. But Egelman's opinions are not saved simply because he sometimes recounted events from the evidentiary record—that is not the proper basis for expert testimony. *See Marmol*, 2023 WL 6534410, at *1-2 (excluding expert opinions where "dozens of paragraphs of [the expert's] report simply recite background facts regarding her retention by the Sellers and information readily gleaned from the record").

[7] ■■■ Mot. at 5-6.

and misrepresent evidence. *See Marmol v. Kalonymus Dev. Partners, LLC*, No. 22-20703-Civ-Scola, 2023 WL 6534410, at *1-2 (S.D. Fla. Sept. 5, 2023) ("The remaining portions of [the expert's] report are unreliable, consisting of wholly conclusory statements, devoid of support or clear context.").

C. The "Exact Users Opinion"

Univision NOW's Motion seeks to exclude Egelman's "Exact Users Opinion" because it is wholly speculative, as demonstrated by Egelman's deposition testimony. Mot. at 12-13.  *Id.* Plaintiffs clearly benefit from this conjecture— But Plaintiffs know it is not true.

Plaintiffs' Opposition does not even try to support the opinion—they instead say that Opp'n at 13-14. However, that is equally untrue and surely would have been referenced in Plaintiffs' class certification briefing if it was true. In fact, Egelman himself admitted during his deposition, Mot. at 13. Plaintiffs' reliance on Egelman's attempt to cure his misstatement by saying that they have the "ability" to know was never discussed in his Report or substantiated in his testimony. Fed. R. Evid. 702 Advisory Committee Note (2000 amends.) (the "trial court's gatekeeping function requires more than simply 'taking the expert's word for it'").

Plaintiffs shrug off Egelman's attempt to walk back his misstatement in his deposition, saying that this can be the subject of cross-examination. Opp'n at 13-14. However, it would be highly prejudicial for Egelman to be permitted to offer falsehoods about Univision NOW's "ability" to know information that Plaintiffs themselves know they do not have. *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005) (courts should ensure that "speculative and unreliable opinions do not reach the jury").

D. The "Data Corruption" Opinion

The final opinion addressed in Plaintiffs' Opposition—  Report ¶¶ 28-32—is a blind guess,

9

not an opinion. Plaintiffs do not suggest that Egelman's opinion is based on facts, data, or experience, because it is not—it is a textbook example of trying to use an expert's pure speculation to confuse the jury.

Remarkably, Plaintiffs' only defense of that is a misquote from Univision NOW's corporate representative who acknowledged that, of course, it is possible that ***any*** data set could be missing something. Opp'n at 3, 18. But the corporate representative did not say that the Endeavor records were incomplete—let alone "corrupted," as Egelman intends to say in front of a jury. And Plaintiffs themselves acknowledged the Endeavor records as "objective evidence"—before they learned that those records would help foreclose their claims. ECF No. 61 at 15. Because Plaintiffs fail to offer any argument or law supporting Egelman's speculative opinion as to the "corruption" of an objective data set, his Data Corruption Opinion should be excluded. *See Webb v. Carnival Corp.*, 321 F.R.D. 420, 427 (S.D. Fla. 2017) (speculative testimony that video footage was missing or withheld was excluded from trial).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Univision NOW respectfully requests that this Court enter an Order granting Univision NOW's Motion to Exclude the Testimony of Plaintiffs' Proffered Expert, Serge Egelman, and granting such further relief to Univision NOW as may be deemed just and proper.

Date: October 1, 2024                              Respectfully submitted,

                                        **SIDLEY AUSTIN LLP**
1001 Brickell Bay Drive
Suite 900
Miami, FL 33131
Tel.: (305) 391-5100
Fax: (305) 391-5101

By: */s/ Ian M. Ross*
Yvette Ostolaza (*pro hac vice*)
Texas Bar No. 00784703
Email: yvette.ostolaza@sidley.com
Dianne O. Fischer
Florida Bar No. 994560
Email: deedee.fischer@sidley.com
Ian M. Ross
Florida Bar No. 091214
Email: iross@sidley.com
Carmen M. Ortega
Florida Bar No. 1025996
Email: carmen.ortega@sidley.com

***ATTORNEYS FOR D2C, LLC D/B/A UNIVISION NOW***